[No. 245. Decided December 17, 1891.]

DANIEL K. BAXTER, *Appellant*, v. THE CITY OF SEATTLE, *Respondent.*

ORDINANCE VALIDITY OF—INJUNCTION—PLEADNG—AFFIRM-
ATVE RELIEF TO DEFENDANT.

Under the provision of the charter of the city of Seattle empowering it to prohibit the erection within prescribed limits of any wooden building, and to provide for the removal of any building erected contrary to such prohibition, an ordinance of the city declaring any such building erected within the established fire limits shall be deemed a nuisance, and shall be torn down or removed by the street commissioner, is valid and within the powers granted by the charter.

Where plaintiff seeks to enjoin the city of Seattle from interfering with his erection of a building prohibited by ordinance, and the city, by cross complaint, seeks to enjoin plaintiff from erecting said structure, to which pleading plaintiff replies, and upon such issues trial is had upon the merits, without objection on plaintiff's part, and the decision is adverse to him, he cannot subsequently complain because affirmative relief is given the city.

*Appeal from Superior Court, King County.*

Action by Daniel K Baxter to enjoin the city of Seattle and its officers from interfering with the erection of a certain building, or tearing down and destroying the same. Defendant, by its cross complaint, sought to enjoin plaintiff from proceeding further with said building, to which plead-

ing plaintiff replied.    Upon the hearing the court denied
plaintiff's application for injunction, and granted that of
defendant.    Plaintiff appeals.

*Wiley, Hale & Scott,* and *Thompson, Edsen & Humphries,* for appellant.

*Oranye Jacobs,* for respondent.

The opinion of the court was delivered by

Hoyt, J.—In view of the statements and admissions in
the briefs of the respective parties to this appeal, we think
the record presents only three questions which it is neces-
sary for us to decide.    Two of these are questions of law,
and one is a question of fact.

It is argued by appellant that ordinance 1171 of the said
city of Seattle is void, as not being authorized by the
charter of said city.    The provisions of said ordinance
which he attacks are as follows :

"Sec. 5.    Any person or persons who shall violate or
cause to be violated any of the provisions of this ordi-
nance shall be deemed guilty of a misdemeanor, and
upon conviction thereof shall be fined in any sum not
exceeding one hundred dollars, and any building or
structure erected, altered, changed, repaired or removed
contrary to the provisions of this ordinance, shall be
deemed a nuisance, and shall be torn down or removed,
as the council may direct, by the street commissioner,
and the expense of such tearing down or removal shall
be charged to the person or persons causing such nui-
sance, and the amount thereof to be recovered by suit
in the name of the city in any court of competent juris-
diction."

The provision of the city charter (Laws 1885–6, p. 240,
§ 4), so far as it relates to this question, is as follows :

"And has power, also, to prohibit the erection within
the city, within any prescribed limits, of any building, or
any addition to any building, unless the outer walls thereof
be made of brick and mortar, or iron, or stone and mortar,

23—3 WASH.

and to provide for the removal of any building or any addition erected contrary to such prohibition."

The contention of appellant is that, although the clause in the charter above quoted authorizes the establishment of fire limits, and the prohibition of the erection of certain buildings therein, yet it does not authorize the section of the ordinance above referred to, which purports to authorize the city officers to declare such building, when erected, a nuisance, and cause the same to be removed without judicial proceedings. We are unable to agree with this contention. To do so would, in our judgment, entirely nullify a portion of the provision of the charter above quoted. If it had been the intention of the legislature to authorize simply the prohibition of the erection of such buildings, there would have been no reason for adding to the authority to prohibit the words, "and to provide for the removal of any building so erected." Without such addition, the council could have provided by ordinance for a proper proceeding to determine as to the lawfulness of any proposed erection, and the use of such language in the charter was only necessary or reasonable for the purpose of giving the commen council just such extraordinary power as was exercised in the enactment of that portion of said ordinance above quoted.

It is contended further, on the part of the appellant, that the decree of the superior court in giving affirmative relief to the city by way of injunction was erroneous for the reason that such building was at most only a nuisance by prohibition and not one *per se;* and that such being the case a court of equity will not interfere to aid the city in enforcing its ordinances which seek to prevent the erection of such buildings. This contention is well sustained by authority, and is undoubtedly sound. But we do not think it can be invoked in aid of appellant's case. He himself went into court seeking affirmative equitable relief, and

the respondent was compelled to meet the case thus made. In doing so it interposed an answer by way of a cross complaint and sought equitable relief thereunder. To the course thus taken by the respondent, appellant took no exception, but voluntarily replied to such pleading, and upon the issues thus made went to a hearing upon the merits without any objection on his part, and is only heard to complain as to the form in which his action has been met when there has been a full hearing and a decision adverse to his rights thereon. To allow him under such circumstances to now avail himself of such technical objection would be to say to him that he was right in thus gambling upon the result of the hearing upon the merits. If it was favorable to him, all right, he would accept the benefits thereof without regard to the form in which it came; but, if it was adverse to him, he could not be injured thereby because the form in which the same had been submitted to the court was not the most approved one.

Appellant further claims that in fact the building which he was erecting was not such a building as was prohibited by said ordinance 1171. The superior court, however, found against him upon this proposition, and we think such finding was warranted by the proofs offered. It is true the evidence is somewhat conflicting, and if we were to accept the conclusions of the witnesses rather than the facts stated by them, there would perhaps be force in the argument of the appellant. But if we look at the facts alone as set out in the proofs, we think the court was justified in finding that the foundation of the building (which was twenty feet or more high) was to be of wooden posts, and that the only covering thereof was to be sheets of corrugated iron, and if such was the state of facts it seems to us that the building was clearly within the prohibition of said ordinance, and of the clause of the charter under which the same was enacted.

The decree of the lower court must be affirmed with costs and it is so ordered.

ANDERS, C. J., and STILES, DUNBAR and SCOTT, JJ., concur.